Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Christopher E. Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Counsel for Plaintiffs and the putative class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## EUREKA DIVISION

|  |  |
|---|---|
| ANGELA DAVIS, DEANNA LOPEZ, and URSULA RILEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> Defendant. | Case No. 1:20-cv-03220 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> <u>JURY TRIAL DEMANDED</u> |

Plaintiffs Angela Davis, Deanna Lopez and Ursula Riley ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action for damages and equitable relief against Defendant The Procter & Gamble Company ("Defendant" or "P&G"), and allege as follows based on personal knowledge of facts pertaining to themselves, and on information and belief as to all other matters:

## NATURE OF THE ACTION

1.      P&G designs, manufactures, distributes, sells, and/or otherwise places into the stream of commerce in the United States, a series of products designed to eliminate or mask odors under the "Febreze" brand name.

2.      The name "Febreze" comes from the words "fabric" and "breeze." First introduced in test markets in March 1996, the fabric refresher product has been sold in the United States since June 1998, and the line has since branched out to include air fresheners (Air Effects), plug-in oil (Noticeables), scented disks (Scentstories), odor-eliminating candles, and the automotive air fresheners (Febreze CAR) that are the subject of this complaint (hereinafter, the "CAR Vent Clips").

3.      Defendant's CAR Vent Clips are intended to be clipped onto the interior car vents of automobiles. Defendant represents that the scent of a CAR Vent Clip is "activated" once attached – and lasts for up to 30 days. Along with ease of installation and use, Defendant represents that the CAR Vent Clips "work in virtually every vehicle" and are "safe to use."

4.      Unfortunately for consumers, this is false and misleading. Defendant's CAR Vent Clips are not "long-lasting" and are far from "mess-free."

5.      Contrary to Defendant's representations, P&G, with its long history of producing products under the Febreze brand, knew or should have known that the CAR Vent Clips contain one or more design and/or manufacturing defects which under normal use and conditions, cause the CAR Vent Clips to leak oil and/or other substances (the "Defect"), thereby damaging the interior surfaces and interior

1   components of the vehicles in which they are used.

2       6.     Defendant has long been aware of the Defect and actively concealed the

3   Defect. Many consumers have submitted complaints *via* various online forums,

4   including through P&G's own website, regarding the damages caused by the Defect.

5   Instead of recognizing the Defect, P&G has failed to reimburse consumers for their

6   damages and/or warn consumers of the Defect.

7       7.     Despite Defendant's awareness of the Defect, Defendant has not recalled

8   the CAR Vent Clips or notified consumers of the Defect.

9       8.     As a result of the Defect, Plaintiffs and similarly situated purchasers and

10  users of CAR Vent Clips have sustained – and continue to sustain – ascertainable loss

11  of money, property and/or loss in value of their automobiles.

12      9.     Had Plaintiffs and Class members known of the Defect at the time of

13  their purchase, they would not have purchased the CAR Vent Clips.

14      10.    As a result of the Defect and the monetary costs associated with repairs

15  caused by the Defect, Plaintiffs and Class members have suffered injury in fact,

16  incurred damages, and have otherwise been harmed by Defendant's conduct.

17      11.    Defendant's conduct violates various California consumer protection

18  statutes, warranty statutes, and common law. Plaintiffs bring this suit on behalf of

19  themselves and a proposed Class and Subclass to prevent Defendant from producing,

20  marketing, and selling more CAR Vent Clips with the Defect and to obtain damages,

21  restitution, and all other available relief.

22                      **JURISDICTION AND VENUE**

23      12.    This Court has subject matter jurisdiction over this matter pursuant to

24  the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class

25  action in which the matter in controversy exceeds the sum or value of $5,000,000,

26  exclusive of interest and costs; there are greater than 100 putative class members; and

27  at least one putative class member is a citizen of a state other than Defendant's states

28

CLASS ACTION COMPLAINT
Case No. 1:20-cv-03220

1   of citizenship. This court has supplemental jurisdiction over the state law claims

2   pursuant to 28 U.S.C. § 1367.

3       13.    This Court may assert personal jurisdiction over Defendant because it

4   has sufficient minimum contacts in this State to render exercise of jurisdiction by the

5   Court proper and necessary. Defendant has intentionally availed itself of the laws and

6   markets of this District through the distribution and sale of its products in this District.

7   In addition, Plaintiffs' causes of action arise out of Defendant's contacts with

8   California.

9       14.    Venue is proper in this District under 28 U.S.C. § 1391(b) because

10   Defendant transacts significant business within this District and because a substantial

11   part of the events or omissions giving rise to the claims occurred within this District.

12   **PARTIES**

13       15.    Plaintiff Angela Davis is a California citizen and a resident of Ukiah,

14   California. Ms. Davis purchased a CAR Vent Clip in or around December 2019 and

15   clipped it onto the interior air vent of her brand new Nissan truck.

16       16.    Plaintiff Deanna Lopez is a California citizen and a resident of Porterville,

17   California. Ms. Lopez purchased a CAR Vent Clip from a Walmart store in or around

18   February 2020 and clipped it into the interior air vent of her 2005 Toyota Prius.

19       17.    Plaintiff Ursula Riley is a California citizen and a resident of San Diego,

20   California. Ms. Riley purchased a CAR Vent Clip from a Walmart store in or around

21   February 2019 and clipped it into the interior air vent of her brand new vehicle.

22       18.    Defendant The Procter & Gamble Company is incorporated in the State

23   of Ohio, with its principal place of business located at One Procter & Gamble Plaza

24   Cincinnati, Ohio 45202.

25       19.    Defendant manufactures, markets, and distributes the CAR Vent Clip

26   throughout California and the United States.

27

28

CLASS ACTION COMPLAINT
Case No. 1:20-cv-03220

1

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

2

**I.    The Febreze CAR Vent Clip**

3        20.    P&G designs, manufactures, distributes, markets, and sells household

4    and automotive products to consumers.

5        21.    Defendant's CAR Vent Clip is one of the most popular brands of car air

6    fresheners and odor eliminators in the United States.

7        22.    Complaints about the Defect fill the pages of various websites and online

8    public discussion boards dedicated to reviews of the CAR Vent Clip. Just a few of the

9    many examples include[1]:

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[1] https://www.pgeveryday.com/brands/unstopables/febreze-car-unstopables-vent-clip-fresh?page=22 (last visited May 4, 2020).

27

28

CLASS ACTION COMPLAINT
Case No. 1:20-cv-03220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**This vent clip RUINED my dash plate!!!**                    ★☆☆☆☆

Turbo - 06/12/2019

This thing leaked all over my dash plate and ATE the finish off! I have no idea how to fix this! Now I have a LONG white streak of unpainted dash in my black and tan interior. I will never use these things again.

Was this review helpful?   Yes  or  No

**Leaked and destroyed my dash face plate.**                    ★☆☆☆☆

Calie7 - 06/04/2019

This leaked and destroyed the face plate of my husbands dash. There isn't is a warning label on this product and would like to make everyone aware this. I am very unhappy with this product. Now I have somehow figure out how to replace the face plate of the dash of a 2008 GMC Sierra truck.

Was this review helpful?   Yes  or  No

**Destroyed my Lexus RX 350 dashboard**                    ★☆☆☆☆

Nick80 - 05/28/2019

Awful,. I want compensation for a new faceplate on my Lexus dash. Leaked all over. Product is complete junk and ruins vehicles.

Was this review helpful?   Yes  or  No



**Smells great until it ruins your car**                    ★☆☆☆☆

hann7451 - 12/06/2018

This product seemed great when it was purchased but after about 5 days I noticed all the liquid from the freshener was gone. It had leaked from the bottom of the reservoir all over my dash and has now corroded/melted the area affected by the liquid. This product was never in direct heat and was treated carefully- which shows it is simply just cheap materials used. Please be cautious when purchasing the Febreze car fresheners.

Was this review helpful?   Yes  or  No

**Ruins your cars interior stay away!**                    ★☆☆☆☆

DanTheMan - 12/06/2018

This product only lasts around 5 days, and has a very high chance of having the gel leak through onto your interior, it corrodes your interior leaving a black gooey substance, I've tried many solutions to try to get it off but its melted the interior for good. Waste of money, and now I need to spend a stupendous amount more of what I paid. DO NOT BUY!

Was this review helpful?   Yes  or  No

23.    In July 2015, one consumer wrote[2]:

⌖ Edmonton, Alberta      Jul 09, 2015

0 comments

Hello,

I have a complaint to file about your Febreze car vent clips.

We have been using them for a year or two in our 2000 Dodge Dakota and our 2002 Toyota Highlander with no problems. We have since sold the Highlander and bought a brand new 2015 Subaru Outback. A vent clip was put in that car. While wiping out the interior of the Outback on July 8,2015, I removed the clip and noticed the damage on the frame surrounding the vents in the middle of the dash. that is the extent of the damage. If you could send me an email address I will send you a picture of the damage as well as the clip, and an estimate of the costs to replace the frame.

Thank you,

Brian MacLean

Reason of review: Bad quality.

24.    Other consumers recently posted similar complaints[3]:

★☆☆☆☆ Ticked · 3 months ago
**It Leaked And Ruined My Vent**

I put this vent clip in my car less than a week ago and noticed wrinkling on the bottom of my vent and found that the liquid had leaked out of the vent clip and ate away the surface of the bottom of the vent. I am NOT happy.

⊘ **No,**  I do not recommend this product.

｜⋯ ▭▭▭    Originally posted on febreze.com

★☆☆☆☆ laratty · 4 months ago
**Ruined My Dash!**

I have used these before, but apparently not when my heater was on. With the heater on warming the unit it overflowed and dripped down my dash, and the contents eat away the dash finish. Now I have a horrible large stain on my dash that can't be fixed

⊘ **No,**  I do not recommend this product.

｜⋯ ▭▭▭    Originally posted on febreze.com

---

[2] *See* https://procter-and-gamble.pissedconsumer.com/auto-dashboard-damage-from-febreze-clip-ons-20150709663359.html (last visited May 4, 2020).

[3] *See* https://www.cvs.com/shop/febreze-auto-air-freshener-vent-clips-2-ct-prodid-2180192-reviews?skuId=207901 (last visited May 11, 2020).

CLASS ACTION COMPLAINT
Case No. 1:20-cv-03220

25.     Defendant knew or reasonably should have known about the Defect in the CAR Vent Clip, which Defendant continues to place on the market. Online consumer complaints have continued for years. A cursory internet search reveals multiple forums full of purchasers and/or users of the CAR Vent Clip who have the same complaint: CAR Vent Clips contain a Defect whereby oils and/or other substances leak from the CAR Vent Clips onto the interior surfaces and interior components of vehicles in which they are used, thereby causing damage to the vehicles.

26.     As shown above, complaints made to various websites and online public forums—including pgeveryday.com, a website sponsored by Defendant to market and sell its products—show that the Defect has recurred for years, and that Defendant has failed to remedy the Defect or disclose it to consumers, leaving them confused as to the cause of the Defect and the resulting damage to their vehicles.

27.     Even though such complaints have recurred since at least 2015, Defendant decided to sell CAR Vent Clips without modifying the product and without disclosing the Defect.

28.     Instead, Defendant has done nothing to respond to the recurring, widespread complaints of the Defect. Though Defendant is aware of the Defect, Defendant has not attempted to rectify the Defect by any means. Instead, consumers have been forced to bear the costs of having their vehicles repaired, or are left with vehicles that are of significantly less value.

29.     Defendant's inaction is particularly egregious because Defendant has done nothing to repair or remedy the Defect despite touting itself as a multinational corporation who, "[f]or over 181 years", has promised consumers that their "safety and the safety of [their] world has been at the heart" of what it does.[4]

---

[4] https://us.pg.com/product-safety/ (last visited May 11, 2020).

CLASS ACTION COMPLAINT
Case No. 1:20-cv-03220

- 7 -

30.     Thus, by continuing to market and sell CAR Vent Clips possessing the Defect, by not remedying the Defect, and by forcing individuals to attempt to deal with the resulting damage to their vehicles on their own, purchasers and/or users of CAR Vent Clips have been damaged monetarily.

31.     Further, Defendant has been aware of the Defect or should reasonably have known of the Defect in 2015, at the latest, and Defendant willfully refused to notify prospective and current CAR Vent Clip purchasers and/or users of the Defect's existence, leaving consumers to question the true cause of damage to the their vehicles.

32.     However, Defendant has systematically failed to inform consumers of the Defect. Defendant's refusal to acknowledge and disclose the Defect has prolonged the problem and confused consumers who may be unaware that the damage caused to their vehicles are not unique to them.

33.     Because Defendant has not made any attempt to solve the Defect, the value of the affected vehicles that were damaged due to the Defect have been markedly reduced.

34.     Despite numerous and recurring complaints regarding the Defect, Defendant has not offered relief to Plaintiffs or others who purchased and/or used the CAR Vent Clip and sustained property damage to their vehicles.

## II.   Plaintiffs' Experiences

### Plaintiff Angela Davis

35.     In or around December 2019, Ms. Davis purchased a Febreze CAR Vent Clip for use in her brand new Nissan truck.

36.     Upon information and belief, the CAR Vent Clip was manufactured and distributed by P&G.

37.     Consistent with the instructions accompanying the CAR Vent Clip, Ms. Davis clipped the CAR Vent Clip onto the interior air vent of her vehicle.

1  38.     The CAR Vent Clip then began to leak oil and/or substances onto the

2  dashboard and framing of the electronic systems of Ms. Davis' vehicle, damaging the

3  interior surfaces which were previously blemish free.






24  39.     As a result of these experiences, Ms. Davis has been forced to account

25  for extra time for repairing her vehicle.

26  40.     Prior to purchasing the CAR Vent Clip, Ms. Davis did not know that

27  Defendant's CAR Vent Clip contained a Defect that would cause substantial damage

to her vehicle. Defendant's marketing literature, brochures, and other materials that it makes available to consumers fail to discuss or mention the Defect, its susceptibility to break, malfunction, and leak oils and/or other substances, and associated damage it could cause to a vehicle. Defendant has never explained or systematically alerted CAR Vent Clip purchasers and/or users of the Defect.

41.     Had Ms. Davis known before purchasing and/or using the CAR Vent Clip that it contained a Defect that would cause damage to her vehicle, she would not have decided to purchase and/or use the CAR Vent Clip or would have paid significantly less for it.

**Plaintiff Deanna Lopez**

42.     In or around February 2020, Ms. Lopez purchased a Febreze CAR Vent Clip for use in her 2005 Toyota Prius.

43.     Upon information and belief, the CAR Vent Clip was manufactured and distributed by Defendant P&G.

44.     Consistent with the instructions accompanying the CAR Vent Clip, Ms. Lopez clipped the CAR Vent Clip onto the interior air vent of her vehicle.

45.     The CAR Vent Clip then began to leak oil and/or substances onto the dashboard of Ms. Lopez's vehicle that melted the dashboard and left a visible chemical trail:



46.     As a result of these experiences, Ms. Lopez has been forced to account for extra time for repairing her vehicle.

47.     Prior to purchasing the CAR Vent Clip, Ms. Lopez did not know that Defendant's CAR Vent Clip contained a Defect that would cause substantial damage to her vehicle. Defendant's marketing literature, brochures, and other materials that it makes available to consumers fail to discuss or mention the Defect, its susceptibility to break, malfunction, and leak oils and/or other substances, and associated damage it could cause to a vehicle. Defendant has never explained or systematically alerted CAR Vent Clip purchasers and/or users of the Defect.

48.     Had Ms. Lopez known before purchasing and/or using the CAR Vent Clip that it contained a Defect that would cause damage to her vehicle, she would not have decided to purchase and/or use the CAR Vent Clip or would have paid significantly less for it.

**Plaintiff Ursula Riley**

49.     In or around February 2019, Ms. Riley purchased a Febreze CAR Vent Clip for use in her vehicle.

50.     Upon information and belief, the CAR Vent Clip was manufactured and distributed by Defendant P&G.

51.     Consistent with the instructions accompanying the CAR Vent Clip, Ms. Riley clipped the CAR Vent Clip onto the interior air vent of her brand new vehicle.

52.     The CAR Vent Clip then began to leak oil and/or substances onto the interior surface of Ms. Riley's vehicle that melted the surrounding surfaces the vehicle's interior air vent and which left visible stains:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

 

 

26       53.     The cost of replacing the damaged section, according to a quote obtained

27   by Ms. Riley from a manufacturer, is around $400.

28

54.   Prior to purchasing the CAR Vent Clip, Ms. Riley did not know that Defendant's CAR Vent Clip contained a Defect that would cause substantial damage to her vehicle. Defendant's marketing literature, brochures, and other materials that it makes available to consumers fail to discuss or mention the Defect, its susceptibility to break, malfunction, and leak oils and/or other substances, and associated damage it could cause to a vehicle. Defendant has never explained or systematically alerted CAR Vent Clip purchasers and/or users of the Defect.

55.   Had Ms. Riley known before purchasing and/or using the CAR Vent Clip that it contained a Defect that would cause damage to her vehicle, she would not have decided to purchase and/or use the CAR Vent Clip or would have paid significantly less for it.

## CLASS ACTION ALLEGATIONS

56.   In accordance with Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this case as a class action on behalf of a Nationwide Class, and a California Subclass defined as follows:

> **Nationwide Class:**
>
> All persons or entities in the United States who have purchased or used a Febreze CAR Vent Clip and sustained resulting property damage.
>
> **California Subclass:**
>
> All persons or entities in California who have purchased or used a Febreze CAR Vent Clip and sustained resulting property damage.

57.   Together, the Nationwide Class and California Subclass are referred to herein as the "Class."

58.   Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendant. Plaintiffs reserve the right to expand, limit, modify, or amend the Class and definitions, including the addition of

one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

59.    The Class meets the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) for all of the following reasons.

60.    <u>Numerosity</u>. Although the exact number of Class members is uncertain, and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable, believed to amount to tens of thousands of persons. The disposition of the claims of these Class members in a single action will provide substantial benefits to all parties and the Court. Information concerning the exact size of the putative class is within the possession of Defendant. The parties will be able to identify each member of the Class after Defendant's document production and/or related discovery.

61.    <u>Commonality</u>. Common questions of fact and law exist as to all Class members and predominate over any questions that affect only individual Class members, including by example only and without limitation, the following:

    a.    whether CAR Vent Clips suffer from a Defect that causes the CAR Vent Clips to leak oils and/or other substances;

    b.    whether Defendant knew or should have known of the Defect but failed to disclose the problem and its consequences to its consumers;

    c.    whether the defective nature of the CAR Vent Clips constitutes a material fact that a reasonable consumer would have considered in deciding whether to purchase or use the CAR Vent Clips;

    d.    whether Defendant should be required to disclose the existence of the Defect;

    e.    whether Defendant's conduct violates the California Legal Remedies Act, California Unfair Competition Law, and other statutes asserted herein.

CLASS ACTION COMPLAINT
Case No. 1:20-cv-03220

- 14 -

62. <u>Typicality</u>. All of Plaintiffs' claims are typical of the claims of the proposed Class they seek to represent in that: Plaintiffs' claims arise from the same practice or course of conduct that forms the basis of the Class claims; Plaintiffs' claims are based upon the same legal and remedial theories as the proposed Class and involve similar factual circumstances; there is no antagonism between the interests of Plaintiffs and absent Class members; the injuries that Plaintiffs suffered are similar to the injuries that Class members have suffered.

63. <u>Adequacy</u>. Plaintiff will fairly and adequately represent the Class in that: (1) there is no conflict between Plaintiffs' claims and those of other Class members; (2) Plaintiffs have retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation; (3) Plaintiffs' claims are typical of the claims of Class members.

64. <u>Predominance</u>. The proposed action meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions which may affect only individual Class members.

65. <u>Superiority</u>. The proposed class action also meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions is superior to multiple individual actions or piecemeal litigation, avoids inconsistent decisions, presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member. Absent a class action, the majority of Class members would find the cost of litigating their claims prohibitively high and would have no effective remedy.

66. Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the

Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## FIRST CAUSE OF ACTION
### Violation of the California Business and Professions Code:
### Unfair Business Practices (Cal. Bus. & Prof. Code § 17200)

67.    Plaintiffs incorporate by reference all of the foregoing allegations as if fully set forth herein.

68.    Cal. Bus. & Prof. Code § 17200 (the "Unfair Competition Law" or "UCL") defines unfair business practices to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, untrue or misleading" advertising. Defendant has engaged in fraudulent and unfair business practices in violation of the UCL.

69.    Plaintiffs and Class members are reasonable consumers who do not expect their CAR Vent Clips to leak oil and/or other substances under normal use and conditions.

70.    Defendant has advertised the CAR Vent Clips as "safe," "long-lasting" and "mess-free" while failing to disclose to Plaintiffs and Class members any hint of the risks posed by the Defect.

71.    By its conduct, Defendant has engaged in unfair competition and unlawful, unfair and fraudulent business practices.

72.    Defendant's acts and/or omissions as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law. Defendant's misrepresentations and omissions regarding the defective nature of its CAR Vent Clips and the corresponding problems described herein were likely to deceive a reasonable consumer. Knowledge of the Defect and knowledge that the CAR Vent Clips leak oil and/or other substances and results in property damage would be material to a reasonable consumer in the decision to

purchase or use the CAR Vent Clips. Had Defendant disclosed this information, Plaintiffs and the Class members would not have purchased or used the CAR Vent Clips or would have paid significantly less for them.

73.     Plaintiffs and Class members relied on Defendant's omissions with respect to the quality and reliability of the CAR Vent Clips. Plaintiffs and the other Class members would not have purchased or used CAR Vent Clips, but for Defendant's omissions.

74.     Defendant has violated and continues to violate the UCL's prohibition against "unlawful" business acts or practices, by among other things, violating the California Consumers Legal Remedies Act, as described below.

75.     Defendant has also violated the unfair prong of Section 17200 because the acts and practices set forth herein offend established public policy and because Defendant's acts and practices set forth herein constitute a harm that outweighs any benefits associated with those practices. Defendant's conduct has also impaired competition within the market for car air fresheners and has prevented Plaintiff and Class members from making informed decisions about whether to purchase or use CAR Vent Clips and/or the price to be paid to purchase them.

76.     As a direct and proximate result of Defendant's business practices, Plaintiffs and Class members have suffered injury in fact, including the loss of money or property, because they purchased and used Defendant's CAR Vent Clips that they otherwise would not have, or in the alternative, would have paid less for, and now sustained damage to their vehicles or own vehicles of decreased value due to Defendant's omissions and misrepresentations.

77.     In order to alleviate the effects of the CAR Vent Clip Defect, Plaintiffs and the Class members have already paid, and will be required to pay in the future, additional costs to repair the resulting property damage—that they would not have paid if Defendant had accurately disclosed the existence of the Defect.

78.     By hiding and failing to inform Class members of the Defect, Defendant has sold more CAR Vent Clips than it otherwise could have, thereby unjustly enriching itself.

79.     Plaintiffs request that this Court enter such orders or judgments necessary to enjoin Defendant from continuing its unfair and deceptive practices and to restore to Plaintiffs and members of the Class any monies Defendant acquired by unfair competition, as provided in Cal. Bus. & Prof. Code § 17203, and for such other relief as set forth below.

**SECOND CAUSE OF ACTION**
**Violation of the California Business and Professions Code:**
**False Advertising (Cal. Bus. & Prof. Code § 17500)**

80.     Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

81.     The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising. Cal. Bus. & Prof. Code § 17500.

82.     Defendant caused to be made or disseminated throughout California and the United States, through advertising and marketing materials, statements regarding the quality, efficiency, and capabilities of CAR Vent Clips that were untrue or misleading, and which were known, or which by exercising reasonable care should have been known to Defendant, to be untrue and misleading to consumers such as Plaintiffs and members of the Class. Defendant has never acknowledged or disclosed the Defect to Plaintiffs, the other Class members, or other prospective purchasers of CAR Vent Clips.

83.     Defendant's misrepresentations and omissions regarding the Defect and the corresponding damage CAR Vent Clips cause as described herein were likely to deceive a reasonable consumer. Knowledge of the Defect and knowledge that use of CAR Vent Clips would result in property damage and repairs that would be time-

consuming, confusing, and costly would be material to a reasonable consumer in the decision to purchase or use CAR Vent Clips.

84.     Because Defendant knew or should have known of the Defect before it sold the CAR Vent Clips, Defendant knew or should have known that its representations concerning the quality and capabilities of the CAR Vent Clips were untrue and/or misleading and that its omissions concerning the Defect were unfair and misleading.

85.     As a direct or proximate result of Defendants' unfair, unlawful or fraudulent business and advertising practices as set forth above, Defendant has been unjustly enriched by Plaintiffs and Class members' payment of consideration in the purchase of the CAR Vent Clips. As such, Plaintiffs request that this Court cause Defendant to restore this money to all Class members under § 17500.

### THIRD CAUSE OF ACTION
**Violations of California Consumers Legal Remedies Act ("CLRA")**
**(Cal. Civ. Code § 1750)**

86.     Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

87.     Defendant is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and has provided "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

88.     Plaintiffs and Class members are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

89.     Defendant's acts and practices, which were intended to result and which did result in CAR Vent Clip sales, violate §1770 of the Consumers Legal Remedies Act in that:

   a)  In violation of §1770(a)(5), Defendant represents that CAR Vent Clips have characteristics, uses, or benefits which they do not have;

b)   In violation of §1770(a)(9), Defendant advertises its CAR Vent Clips with intent not to sell them as advertised;

c)   In violation of §1770(a)(7), Defendant represents that its CAR Vent Clips are of a particular standard, quality, or grade when they are not; and

d)   In violation of §1770(a)(16), Defendant represents that its CAR Vent Clips have been supplied in accordance with a previous representation when they have not.

90.   As described above, in connection with the marketing, distribution and sale of the CAR Vent Clips, Defendant has represented the CAR Vent Clips as being safe, long-lasting and mess-free. However, as Defendant has been made aware, the CAR Vent Clips possess the Defect, causing CAR Vent Clips to leak oil and/or other substances even when properly clipped onto car air vents—that would be important to a reasonable consumer.

91.   Had Defendant adequately disclosed the Defect, Plaintiffs and the Class would not have purchased or used, or would have paid less for, the CAR Vent Clips, and would not now own vehicles of decreased value due to the resulting property damage caused by the Defect. Meanwhile, Defendant has sold more CAR Vent Clips than it otherwise could have, unjustly enriching itself thereby.

92.   Defendant's deceptive acts and practices were willful and knowing because Defendant knew about the Defect and corresponding issues beginning in at least 2015 but failed to implement several viable options to mitigate the problem and likewise failed to disclose the existence of the Defect to consumers. Instead, though it knew of the Defect and its associated difficulties, Defendant continued to manufacture, distribute, and sell CAR Vent Clips containing the Defect without disclosing to consumers the existence of the Defect.

93.   On behalf of Class members, Plaintiffs seek injunctive and equitable relief for Defendant's violations of the CLRA.

94.     In accordance with Cal. Civ. Code § 1782(a), concurrently with the filing of this Complaint, Plaintiffs' counsel served Defendant with notice of these CLRA violations by certified mail, return receipt requested. If Defendant fails to respond to Plaintiffs' notice letter or agree to rectify the violations detailed above and give notice to all affected consumers within 30 days of the date of written notice, Plaintiffs will amend this Complaint to include a request for damages.

95.     Plaintiffs include a declaration with this Complaint that shows venue in this District is proper, to the extent such a declaration is required by Cal. Civ. Code § 1780(d).

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

96.     Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

97.     Defendant owed a duty of care to Plaintiffs and Class members to give appropriate warnings about all dangers associated with the intended use of CAR Vent Clips.

98.     By at least 2015, Defendant was aware or should have been aware of the tendency of CAR Vent Clips to leak oil and/or other substances that cause damage to the interior surfaces and interior components of vehicles in which they are used. Certainly, after receiving, directly or indirectly, complaints of CAR Vent Clips leaking oil and/or other substances and causing damage to the vehicles in which they are used, a duty arose to provide a warning to consumers that use of CAR Vent Clips could result in property damage.

99.     Defendant was under a continuing duty to warn and instruct the intended and foreseeable users of CAR Vent Clips, including Plaintiffs and Class members, of the defective nature of CAR Vent Clips, and the risks associated with using CAR Vent Clips.

100.   Defendant made misrepresentations and/or omissions of fact regarding the CAR Vent Clips.

101.   Defendant advertised, labeled, marketed, distributed, and sold the CAR Vent Clips without disclosing the Defect and without adequately warning Plaintiffs and the Class about the significant risks associated with using CAR Vent Clips as intended.

102.   Defendant was negligent in making the misrepresentations at issue because it knew, or should have known, of the substantial risks of property damage posed by the intended use of CAR Vent Clips.

103.   As described herein, Defendant knew that Plaintiffs and Class members could not reasonably be aware of those risks.

104.   Plaintiffs and other Class members relied upon Defendant's misrepresentations and/or omissions in purchasing the CAR Vent Clips.

105.   The factual misrepresentations committed by Defendant were material to Plaintiffs and other Class members in making their purchases of the CAR Vent Clips, and in their use of the CAR Vent Clips.

106.   As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiffs and Class members paid the purchase price for the CAR Vent Clips, although they would not have purchased CAR Vent Clips at all, or would have paid less for the CAR Vent Clips, if they had known the truth about the CAR Vent Clips.

107.   Plaintiffs and Class members seek economic damages due to Defendant's negligent misrepresentations.

## FIFTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability

108.   Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

109.    Defendant's CAR Vent Clips are "consumer goods" and Plaintiffs and the proposed Class members are "buyers" within the meaning of Cal. Civ. Code § 1791. Defendant is also a "manufacturer", "distributor", or "retail seller" under Cal. Civ. Code § 1791.

110.    The implied warranty of merchantability included with each sale of a CAR Vent Clip means that Defendant warranted that each of the CAR Vent Clips (a) would pass without objection in trade under the contract description; (b) was fit for the ordinary purposes for which the CAR Vent Clips would be used; and (c) conformed to the promises or affirmations of fact made on the CAR Vent Clips' labeling.

111.    The CAR Vent Clips would not pass without objection in the car air freshener and odor eliminator trade because, under normal use, the CAR Vent Clips are prone to leak oil and/or other substances that cause damage to the interior surfaces and interior components of vehicles in which they are used. These circumstances also make them unfit for the ordinary purposes for which such CAR Vent Clips are used.

112.    Moreover, the CAR Vent Clips are not adequately labeled because their labeling failed to disclose the Defect and associated difficulties and did not advise Plaintiffs or Class members of the same prior to experiencing the Defect firsthand.

113.    Defendant has been provided notice of the Defect through numerous complaints filed against it directly and through wholesalers and retailers.

114.    Defendant has had numerous opportunities to cure the Defect in the CAR Vent Clips, but it has chosen not to do so.

115.    Defendant's actions have deprived Plaintiffs and the Class members of the benefit of their bargain and have caused their CAR Vent Clips to be worth less than what Plaintiff and the other Class members paid for.

116.    As a direct and proximate result of Defendant's breach of its duties, the proposed Class members received goods with substantially impaired value. Plaintiffs

and Class members have been damaged by the diminished value of the CAR Vent Clips, the CAR Vent Clips' malfunctioning, and actual and potential repair costs for damages caused by the Defect.

117.    Under Cal. Civ. Code §§ 1791.1(d) and 1794, Plaintiffs and the proposed Class members are entitled to damages and other legal and equitable relief, including the payment of repair costs, or diminution in value of their vehicles caused by the Defect, and are also entitled to reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**

118.    Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

119.    Through its product labeling and advertising, Defendant created written express warranties and expressly warranted to Plaintiffs and the other members of the Class that the CAR Vent Clips would be of high quality, at a minimum would work properly, and would be free from defects and fit for normal use.

120.    Defendant made these express warranties in written warranties it provided at the time of sale, through advertisements, in marketing materials, and through other information.

121.    These affirmations and promises were part of the basis of the bargain between Defendant and Plaintiffs and Class members.

122.    Defendant breached these express warranties because the CAR Vent Clips were defective as set forth above.

123.    As a direct and proximate result of Defendant's breach of express warranties, Plaintiffs and the members of the Class have been damaged in an amount to be determined at trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTH CAUSE OF ACTION
### Fraudulent Omission

124.    Plaintiffs incorporate the foregoing allegations by reference as though fully set forth herein.

125.    Defendant was aware of the Defect in the CAR Vent Clips when it marketed and sold CAR Vent Clips to Plaintiffs and other Class members.

126.    Having been aware of the Defect in the CAR Vent Clips, and having known that Plaintiffs and other Class members could not reasonably have been expected to know of the Defect, Defendant had a duty to disclose the Defect to Plaintiffs and other Class members in connection with the sale of the CAR Vent Clips.

127.    Defendant affirmatively misrepresented and concealed material facts concerning the Defect present in the CAR Vent Clips, because Defendant failed to disclose to Plaintiffs and Class members that Defendant's CAR Vent Clips contain a Defect that causes the CAR Vent Clips to leak oil and/or other substances that then cause damage to the interior surfaces or components of the vehicles in which they are used.

128.    Defendant affirmatively misrepresented and/or actively concealed material facts, such as the Defect, in whole or in part, intending to induce Plaintiffs and the Class members to purchase the CAR Vent Clips at a higher price than Plaintiffs and Class members otherwise would have.

129.    Plaintiffs and Class members were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed and/or suppressed facts. Had Plaintiffs and Class members known of the Defect, they would not have purchased or used the CAR Vent Clips.

130.    Because of the concealment and/or suppression of material facts regarding the defects in the CAR Vent Clips, Plaintiffs and Class members sustained damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### Unjust Enrichment

131.   Plaintiffs hereby incorporate the foregoing allegations by reference as though fully set forth herein.

132.   Plaintiffs and other Class members have conferred a benefit on Defendant by purchasing the CAR Vent Clips possessing the Defect. This benefit is measurable using the price of Defendant's CAR Vent Clips. Defendant appreciates or has knowledge of such benefit.

133.   Defendant's retention of this benefit violates principles of justice, equity, and good conscience.

134.   It would be inequitable and unjust for Defendant to retain the benefit of revenues obtained from purchases of its CAR Vent Clips, because Defendant materially misrepresented the quality and value of the CAR Vent Clips.

135.   Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiffs and other Class members in the amount by which Defendant was unjustly enriched by each of their purchases of the CAR Vent Clips.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, respectfully prays for the following relief:

A.   An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.   Appointing Plaintiffs as representatives of the Class and designating the undersigned as Class Counsel;

C.   An award to Plaintiffs and the Class of all actual, punitive and compensatory damages, and restitution to which Plaintiffs and Class members are entitled;

D.     Injunctive and/or declaratory relief, including without limitation, an order requiring Defendant to recall and/or replace the CAR Vent Clips, and repair damages to Class members' vehicles caused by the CAR Vent Clips, or, at a minimum, to provide Plaintiffs and Class members with appropriate curative notice regarding the existence and cause of the Defect;

E.     An award to Plaintiffs and the Class of reasonable attorneys' fees, costs, and pre- and post-judgment interest; and

F.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Respectfully submitted,

DATED: May 11, 2020

Robert R. Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Christopher E. Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax (310) 474-8585

*Counsel for Plaintiffs and the
Putative Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **AFFIDAVIT OF ROBERT AHDOOT**

I, Robert Ahdoot, declare as follows:

1.     I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiffs in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.     Venue is proper in this Court because many of the acts and transactions giving rise to this action occurred in this District, and Defendant (1) conducts substantial business within this District, (2) has intentionally availed itself of the laws and markets of this District through the distribution and sale of its products in this District, and (3) is subject to personal jurisdiction in this District.

3.     Plaintiff Angela Davis is a resident of Ukiah, California.

4.     Plaintiff Deanna Lopez is a resident of Porterville, California.

5.     Plaintiff Ursula Riley is a resident of San Diego, California.

6.     Defendant The Procter & Gamble Company is incorporated in the State of Ohio, with its principal place of business located at One Procter & Gamble Plaza Cincinnati, Ohio 45202. Defendant manufactures, markets, and distributes the CAR Vent Clip throughout California and the United States.

I declare under penalty of perjury under the laws of the United States and the State of California this 11th day of May, 2020 in Los Angeles, California that the foregoing is true and correct.

Robert Ahdoot